```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
----------------------------------------X

MARION ORMSTEN, et al.,

              *Plaintiffs*,        **MEMORANDUM AND ORDER**

  -against-                         22-cv-04086(KAM)(JMW)

KIOP MERRICK, LP, et al.,

              *Defendants*.

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiffs Marion and Frank Ormsten commenced the instant action on May 2, 2018 in the Supreme Court of the State of New York, New York County, for negligence and loss of consortium. (*See generally* ECF No. 13, Exhibit A to the Declaration of Andrew H. Rosenbaum ("Rosenbaum Decl."), Summons and Verified Complaint ("Compl.").) On June 10, 2022, Plaintiffs filed a Note of Issue and Certificate of Trial Readiness,[1] and Defendants KIOP Merrick L.P., KIR Merrick 028, LLC, Kimco Income Operating Partnership, L.P., Kimco Income Reit, and Kimco Realty Corporation (together, "Kimco Defendants") received, by mail, Plaintiff's Supplemental Bill of Particulars on June 13, 2022. (ECF No. 15, Declaration of Daniel P. Boret ("Boret Decl.") ¶ 11.) On July 12, 2022,

---

[1] A Note of Issue and Certificate of Readiness in New York state court are the final pre-trial filings made, where the parties certify that discovery is complete and the case is trial ready. 22 N.Y.C.R.R. § 202.21.

1

Defendants removed the case to this Court. (*See* ECF No. 1, Notice of Removal.) The removal is predicated solely on federal question jurisdiction. (*Id.* at 3–4.)

Presently before the Court is Plaintiffs' motion to remand, which is opposed by Kimco Defendants. (*See* ECF Nos. 12, Plaintiffs' Notice of Motion to Remand; 12-1, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand ("Pls. Mem."); 14, Kimco Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Defs. Opp."); 18, Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Remand ("Pls. Reply").) For the reasons herein, Plaintiffs' motion to remand is **GRANTED** for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

To adjudicate an action that was removed from state court, a federal district court must have original jurisdiction pursuant to either 28 U.S.C. §§ 1331 or 1332. *See* 28 U.S.C. § 1441. Kimco Defendants allege that this Court has removal jurisdiction on the basis of federal question under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues

of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Following the removal of an action to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendant bears the burden of demonstrating that federal subject matter jurisdiction exists. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (internal quotation marks and citations omitted)). "Unless that burden is met, the case must be remanded back to state court. At [the motion to remand] stage . . . , the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Id.* (quoting *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000) (internal quotation marks omitted)). In other words, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

**DISCUSSION**

Before determining whether the removal was proper, the Court addresses Kimco Defendants' argument that "if any action is warranted, it is a discretionary transfer to the Southern District of New York, and not remand." (Defs. Opp. at 10.) "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Deutsche Oel & Gas S.A. v. Energy Cap. Partners Mezzanine Opportunities Fund A, LP*, No. 19-cv-11058(RA), 2020 WL 5814233, at *5 (S.D.N.Y. Sep. 30, 2020); *see Sixto v. Both Trucking LLC*, No. 22-cv-2099(BMC), 2022 WL 1124824, at *2 n.1 ("There is yet another problem — venue.  This case was pending in the Supreme Court, Bronx County.  It cannot be removed here.  It had to be removed to the Southern District of New York. . . . But since this Court doesn't have subject matter jurisdiction to begin with, there is no need to address venue.").  Because this Court lacks subject matter jurisdiction over the instant action, it need not, and does not, address whether the case was removed to the correct federal district court.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  In other words, a claim may only be

4

removed to federal court if it could have been filed in federal court in the first instance. *See Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485–86 (2d Cir. 1998). Where, as here, there is no diversity of citizenship, the Court must have federal question jurisdiction for removal to be proper. *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule." *Id*. Pursuant to this rule, "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law." *Id*. (internal citations omitted). There are certain exceptions, however. Federal question jurisdiction "also extends to a 'special and small category' of cases brought under state law that implicate a federal issue." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 140 (2d Cir. 2021) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). "In determining whether a state law claim warrants the exercise of federal [question] jurisdiction, we apply the four-factor test set forth in [*Gunn v. Minton*] and [*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*]: 'Federal [question] jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

5

resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 140–41 (citing *Gunn*, 568 U.S. 251, 258 (2013); *Grable*, 545 U.S. 308, 314 (2005)).  "The *Grable-Gunn* test reflects the 'commonsense notion that a federal court ought to be able to hear' state law claims that 'turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Id.* at 141.  All four factors must be met for federal question jurisdiction to lie.  *See Gunn*, 568 U.S. at 258; *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016).

In the instant case, Plaintiffs' Complaint pleads no federal claim on its face, and alleges a "garden variety state tort law negligence cause of action and a derivative loss of services cause of action." (Pls. Mem. at 1–2; *see* Compl. ¶¶ 523–24; 552.)  Kimco Defendants assert that this case became removable on June 13, 2022 when they received Plaintiff's Supplemental Bill of Particulars in which Plaintiffs alleged, for the first time, that Defendants violated "the applicable provisions and sections of the 2010 ADA Standards for Accessible Design."[2]  (ECF No. 13-

---

[2] 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Defendants removed this case on July 12, 2022, 29 days after receiving Plaintiffs'

6

10, Exhibit K to Rosenbaum Decl. ¶¶ 4, 11.)  Plaintiffs contend that the *Grable-Gunn* test is not applicable to the instant case because Plaintiffs' negligence claim does not necessarily raise a federal issue, as Plaintiffs can prevail on their state tort claim "*without* resorting [to] any federal regulation and *without* resorting to Title III of the ADA since the Plaintiffs have asserted that the Defendants breached a duty of care in ways that are independent of the ADA."  (Pls. Mem. at 16.)  Furthermore, Plaintiffs assert that even if the negligence claim were to raise a federal issue, because Plaintiffs do not plead any cause of action under federal law, including the ADA, and the alleged violation of the ADA "serves, at most, . . . an evidentiary role supporting the . . . state law negligence claim," the federal issue raised is "insufficiently 'substantial.'"  (*Id.* at 17 (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 (1986) (internal quotation marks omitted)).  Plaintiffs also assert that the claim in this action does not raise a substantial federal issue because there is "*no* indication that its interpretation implicates important federal interests."  (*Id.* (quoting *Nassau Cnty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 756 (E.D.N.Y. 2015)).  Finally, Plaintiffs argue that exercising federal jurisdiction over state law claims that are traditionally

---

Supplemental Bill of Particulars, (Boret Decl. ¶ 11), and Plaintiffs do not assert that the removal was untimely.

7

litigated in state court based on "embedded federal issues" would disturb the balance of federal and state judicial responsibilities. (*Id.* at 17–18.)

Notably, Kimco Defendants neither address nor dispute Plaintiffs' argument that the *Grable-Gunn* test is not applicable. The Court agrees with Plaintiffs and finds that the instant case does not fall within the "'special and small category' of cases brought under state law that implicate a federal issue" such that the Court may exercise federal jurisdiction. *Tantaros*, 12 F.4th at 140 (quoting *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 699). As Plaintiffs correctly argue, there is no federal issue that is necessarily raised here, as Plaintiffs' right to relief on their negligence claim does not depend on Defendants' violation of Title III of the ADA, as "[a]t most, the [ADA violation] would serve an evidentiary role supporting Plaintiffs' state law negligence claim[ ]." *Langer v. Infinity Moving & Storage, Inc.*, No. 11-cv-3955(HB), 2011 WL 3792822, at *1 (S.D.N.Y. Aug. 25, 2011).

As for the substantiality factor, which is related to "the importance of the issue to the federal system as a whole," *Gunn*, 568 U.S. at 260, that Title III of the ADA does not provide a private right of action for monetary damages[3] lends support to

---

[3] "It is well established that Title III of the ADA allows only for injunctive relief, not monetary damages." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. Mar. 20, 2015) (citing *Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011)).

8

the view that Congress did not intend to guarantee a federal forum for negligence actions involving allegations of violations under Title III. *See Gonzalez v. Red Hook Container Terminal LLC*, No. 16-cv-5104(NGG), 2016 WL 7322335, at *3 (E.D.N.Y. Dec. 14, 2016) ("Here, the federal issue carries no such significance. While the parties' employment relationship under the LHWCA may prove dispositive in this action, the issue does not appear to have significant implications for 'the federal system as a whole.' The LHWCA does not create a private right of action for suing non-employer third parties.") (citations omitted).

Finally, federalizing garden variety state negligence actions, which are generally considered the province of state courts, would significantly "disturb[ ] . . . the balance of federal and state responsibilities." *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314.[4]  *See Langer*, 2011 WL 3792822, at *1 (granting plaintiff's motion to remand where defendants removed a state law negligence and loss of consortium action based on plaintiffs' allegation of defendants' Federal Motor Carrier Act regulatory violations, holding that "the identification of such violations alone is insufficient for federal question jurisdiction."); *Rivera v. Horizon Offshore Contractors, Inc.*, No. 05-cv-6500(HB), 2005 WL 3030841, at *2 (S.D.N.Y. Nov. 10, 2005)

---

[4] The Court assumes, without deciding, that the ADA violation(s) identified by Plaintiffs' Supplemental Bill of Particulars is actually disputed by Defendants.

9

("Plaintiff's first cause of action for negligence includes general allegations that the Defendants breached a variety of state and federal rules and regulations, and specifically mentions that OSHA standards were violated. This does not mean that Plaintiff's right to relief necessarily depends on federal law.").

Accordingly, because Plaintiffs did not state a question of federal law on the face of the Complaint, and Kimco Defendants failed to demonstrate that all four factors of the *Grable-Gunn* test are satisfied, the Court concludes that it lacks subject matter jurisdiction over the instant case.[5] And because the Court lacks original jurisdiction over Plaintiffs' state law claims, it cannot exercise "supplemental jurisdiction" over the same. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("[A] district court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'") (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Furthermore, because the Court grants Plaintiffs' motion to remand for lack of subject matter jurisdiction, the Court need not, and therefore does not, consider Plaintiffs' arguments that remand is also warranted based on Kimco Defendants' failure to comply with the removal statute,

---

[5] The Court is unpersuaded by Kimco Defendants' argument that the artful pleading doctrine applies here because, as discussed *supra*, the real nature of the Complaint is not federal, Plaintiffs do not assert an ADA claim, and Plaintiffs cannot obtain the relief they seek, monetary damages, under Title III of the ADA.

10

28 U.S.C. §§ 1441(a), 1446(a), and waiver of removal. (*See* Pls. Mem. at 20–24.)

Finally, Plaintiffs have requested an award of "their just costs and actual expenses, including attorneys' fees, incurred as a result of the Defendants' improper removal." (Pls. Mem. at 25.) Fees and costs are authorized under 28 U.S.C. § 1447(c), but "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Though Kimco Defendants' removal is ultimately unsuccessful, "it cannot be said that [their] position is so wholly frivolous or unreasonable as to warrant an award of costs of fees." *PCVST Mezzco 4, LLC v. Wachovia Bank Com. Mortg. Tr.*, No. 14-cv-6023(AJN), 2015 WL 153048, at *8 (S.D.N.Y. Jan. 12, 2015). Therefore, the Court respectfully declines to award costs and fees under Section 1447(c).

11

## **CONCLUSION**

Kimco Defendants have failed to establish that this Court has subject matter jurisdiction over the action and that the removal was proper. Accordingly, the Court **GRANTS** Plaintiffs' motion to remand but respectfully **DENIES** Plaintiffs' request for fees and costs incurred as a result of the removal. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of the State of New York, New York County.

**SO ORDERED.**

DATED:   October 8, 2022
         Brooklyn, New York

                                        _____/s/_____
                                        **HON. KIYO A. MATSUMOTO**
                                        United States District Judge

12